(No. 11964.—Reversed and remanded.)
CAROLINE STOESSAND, Appellee, *vs.* AMELIA FRANK, Appellant.

*Opinion filed April 17, 1918.*

1. MUNICIPAL CORPORATIONS—*municipality has only such powers as are clearly granted by legislature.* A municipal corporation can exercise no powers except those granted by the legislature in express words or which are necessarily implied in or incident to powers expressly granted or indispensable to the declared objects and purposes of the corporation, and any fair and reasonable doubt concerning the existence of an alleged power is to be resolved against the municipality.

2. SAME—*what police power is granted by clause 66 of section 1 of article 5 of Cities and Villages act.* By clause 66 of section 1 of article 5 of the Cities and Villages act the legislature has not delegated to cities the entire police power of the State, but said clause is only a general grant to enable the municipality to make and enforce all reasonable police regulations which come within the range of subjects over which the city has control, as enumerated in other provisions of the act.

3. SAME—*city has no statutory power to require the lighting of halls in tenement houses.* The power to compel by ordinance the lighting of entrance halls and stairways in tenement houses is not given to a municipality by the Cities and Villages act nor any other act of the legislature, either in express terms or by necessary implication from any powers expressly granted.

APPEAL from the Municipal Court of Chicago; the Hon. HARRY M. FISHER, Judge, presiding.

THEODORE JOHNSON, for appellant.

L. H. CRAIG, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On November 6, 1915, the appellant, Amelia Frank, owned a building on the southeast corner of Kimball avenue and Cortland street, in the city of Chicago, in which there was a store on the first floor with living apartments

in the rear, and apartments or flats on the second and third floors. The appellee, Caroline Stoessand, lived with her daughter and the daughter's family in the front flat on the third floor as a tenant of the appellant under a verbal lease from month to month. The main entrance of the building was on Kimball avenue and the rear entrance on Cortland street, and there were stairways leading from the third floor to the ground floor. After sunset of that day the appellee, who was eighty-two years of age, went down the stairs from the third floor to the ground floor to get potatoes for supper. There was no light burning in the lower hall, and when she was within two steps of the bottom of the stairway she supposed she had reached the bottom, and stepping out as though the floor was there she fell and her thigh-bone was broken. There was no bony union at the fracture but only a fibrous union, and she was permanently injured. She brought this suit against the appellant in the municipal court of Chicago, and upon a trial before the court without a jury there was a finding in her favor and a judgment for $1000 and costs. The court certified that the validity of an ordinance of the city of Chicago was involved and the public interest required an appeal to be taken directly to this court. Accordingly an appeal was allowed and perfected.

The statement of claim charged that the defendant allowed the stair landings to become dangerous and unsafe for want of a light and that the injury was caused thereby. It also alleged that there was in force in the city of Chicago an ordinance requiring that in buildings like that of the defendant a light should be kept burning every night during the year from sunset to sunrise, and charged the violation of the ordinance as negligence causing the injury.

The plaintiff proved that on November 6, 1915, the sun set at thirty-eight minutes after four o'clock in the afternoon, and offered in evidence the following section of an ordinance passed by the city council:

"Sec. 1422. *Light in halls of tenements.*—In every tenement house over two stories high a proper light shall be kept burning in the public hallways near the stairs, upon the entrance floor every night during the year from sunset to sunrise, and upon all other floors of the building from sunset until ten o'clock in the evening."

The ordinance was objected to by the defendant on the ground that its passage was not within any power delegated to the city and therefore it was invalid. The court overruled the objection and admitted the ordinance in evidence.

The plaintiff on direct examination testified that she came down the stairs at twenty minutes to five o'clock; that in going down from the second to the first floor she thought she had reached the floor when she was within two steps of the bottom of the stairway, and walking straight out she fell and suffered the injury. There was an electric light in the hall and a switch to turn on the light, but it had not been turned on at the time of the accident and she testified that the place was dark. On cross-examination she said she went down the stairs at twenty minutes after five, and two other witnesses fixed the time about the same. The merchant occupying the first floor, who lived in the rear flat on that floor, testified that the accident occurred about fifteen minutes before five o'clock. There was no dispute of the fact that it was after sunset.

At the request of the defendant the court held the following proposition of law:

1. "The court holds as a proposition of law that in the absence of a valid statute or ordinance the defendant was not obliged to maintain a light in the public hallways of the building at the time of the injury sustained by the plaintiff."

The defendant also tendered the following proposition of law, which the court refused to hold:

2. "The court holds as a proposition of law that the ordinance of the city of Chicago under which said suit was

brought, requiring a light to be kept burning in the public hallways of every tenement house over two stories high from sunset to sunrise, etc., is invalid, there being no authority vested in the city of Chicago by the statutes of the State of Illinois to pass such an ordinance."

The court therefore decided the issue, not on any theory of common law negligence, but upon a view of the law that in the absence of a valid ordinance the defendant was not obliged to maintain a light in the hallway at the time of the injury, but that the ordinance imposed that duty and its omission was negligence rendering the defendant liable. It is now contended that the court did not err in refusing the second proposition, and also that the defendant by her affidavit of merits admitted the validity of the ordinance.

The affidavit of merits admitted that there was in force in the city of Chicago an ordinance as stated in the plaintiff's statement of claim but denied that it had any application to the alleged injuries of the plaintiff, and alleged that the defendant had complied with all valid ordinances in force in the city of Chicago. The affidavit of merits did not admit the validity of the ordinance, and when it was offered in evidence specific objection was made that the city had no power to pass such an ordinance. The law is that a municipal corporation has only such powers as are clearly and unmistakably granted to it by the legislature, and can exercise no powers except those granted in express words or which are necessarily implied in or incident to powers expressly granted or indispensable to the declared objects and purposes of the corporation. (*Chicago Gas Light and Coke Co.* v. *People's Gas Light and Coke Co.* 121 Ill. 530; *Huesing* v. *City of Rock Island,* 128 id. 465; *City of Chicago* v. *Blair,* 149 id. 310; *Wilkie* v. *City of Chicago,* 188 id. 444; *City of Chicago* v. *Weber,* 246 id. 304; 19 R. C. L. 768.) Any fair and reasonable doubt concerning the existence of an alleged power is to be resolved against the municipality and the power denied. (*Seeger* v. *Mueller,* 133

Ill. 86; *City of Chicago* v. *Ross*, 257 id. 76; *Town of Cort-land* v. *Larson*, 273 id. 602.) One claiming under an ordinance must be able to point to legislative authority either in express terms or in terms from which the power is fairly and necessarily implied.

The only provisions of the charter of Chicago pointed out by counsel as authorizing the ordinance are the following clauses of section 1 of article 5 of the Cities and Villages act:

*"Sixty-sixth*—To regulate the police of the city or village, and pass and enforce all necessary police ordinances."

*"Seventy-eighth*—To do all acts, make all regulations which may be necessary or expedient for the promotion of health or the suppression of disease."

The seventy-eighth clause has no relation to the ordinance in question, which was not passed for the promotion of health or the suppression of disease and was neither necessary nor expedient for such purposes. The sixty-sixth clause empowers the city to pass and enforce all necessary police ordinances, but the legislature has not thereby delegated to cities and villages the entire police power of the State. That power rests in the sovereign, to be exercised by the legislature, which may confer upon municipalities the right to exercise the power for the purposes defined in the charter. By the Cities and Villages act power is granted to legislate on certain enumerated subjects, and the sixty-sixth clause is a general authority to exercise the police power concerning the enumerated subjects and none other. (*City of Chicago* v. *M. & .M. Hotel Co.* 248 Ill. 264.) The general grant enables the municipality to make and enforce all reasonable police regulations which come within the range of the subjects over which the city has control, (*City of Chicago* v. *Kluever*, 257 Ill. 317,) and the cases in which ordinances have been sustained have been those referable to express powers. The power to legislate upon the subject of this ordinance is not given by the Cities and

Villages act or any other act of the legislature, either in express terms or by necessary implication from any powers expressly granted. It is therefore not material to inquire whether the ordinance is within the police power, or whether the legislature could have enacted a law of the same character as this ordinance or have authorized the city of Chicago to pass such an ordinance.

The court erred in admitting the ordinance in evidence and refusing the proposition of law submitted by the defendant that it was invalid because of want of authority in the city to pass such an ordinance.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*